UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YULIYA GOGALADZE,**

      Plaintiff,

vs.

**TRUECORE BEHAVIORAL SOLUTIONS, LLC**

      Defendant.

_____/

## COMPLAINT

Plaintiff, YULIYA GOGALADZE, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, TRUECORE BEHAVIORAL SOLUTIONS, LLC, hereafter referred to as "DEFENDANT" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

3. Plaintiff was a resident of Hillsborough County, Florida.

4. Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Polk County.

1

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began her employment on or about July 18, 2017, as a Financial Operations Manager.

10. During her employment Plaintiff had an unblemished personnel file.

11. In July 2019, Plaintiff began suffering from a serious health condition.

12. On or about September 10, 2019, Plaintiff reached out to a Human Resources representative regarding her health condition and her working conditions affect on her condition.

13. Plaintiff was informed by the representative that she would arrange a meeting with the Vice President of Human Resources.

14. On September 17, 2019, Plaintiff met with the Vice President of Human Resources and discussed her concerns, including her serious health condition.

15. During the meeting the Vice President of Human Resources stated, "well maybe this is not a job for you".

16. Plaintiff was presented with FMLA paperwork to complete.

17. Three days later, on September 20, 2019, Plaintiff was without notice or warning informed that her position was eliminated effective immediately.

18. The termination was communicated during a meeting with her boss and the Director of Human Resources.

19. When her boss left the room the Director of Human Resources stated, this is ridiculous, this is retaliation, I can't believe they are doing this to you, you need to seek legal advice.

20. She also gave Plaintiff her personal contact information and told her if she ever needed help regarding what happened to her to let her know.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

21. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

22. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

23. Defendant's actions constitute violations of the FMLA.

24. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

25. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

26. Defendant retaliated against Plaintiff for asserting her FMLA rights.

27. Defendant's actions constitute violations of the FMLA.

28. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 2nd day of December 2019.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff